[Cite as *State v. Hilliard*, 2011-Ohio-5895.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25831 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREGORY G. HILLIARD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  CR 05 03 0821 (D) |

DECISION AND JOURNAL ENTRY

Dated: November 16, 2011

BELFANCE, Presiding Judge.

{¶ 1}   Gregory Hilliard appeals from the trial court's imposition of post-release control. For the reasons set forth below, we reverse the trial court's improper imposition of post-release control.

I.

{¶ 2}   A jury convicted Mr. Hilliard of aggravated murder, aggravated robbery, felonious assault, having weapons under disability, and two counts of murder.  Additionally, each conviction, with the exception of having weapons under disability, also carried an underlying firearm specification.  The trial court sentenced Mr. Hilliard to an aggregate sentence of life plus three years for the firearm specifications.  This Court affirmed Mr. Hilliard's convictions on appeal.  See *State v. Hilliard*, 9th Dist. No. 22808, 2006-Ohio-3918.

{¶ 3}   On April 29, 2010, the trial court held a resentencing hearing with Mr. Hilliard to correct an error in the imposition of post-release control.  It subsequently imposed a post-release

control period of "LIFE[.]" Mr. Hilliard moved for sentencing, arguing that a post-release control period of life was contrary to R.C. 2967.28. On January 19, 2011, the trial court held a hearing to impose post-release control. During the hearing, the trial court informed Mr. Hilliard that, if he were released on parole, he would be supervised for life. The Court also told Mr. Hilliard that he was subject to a mandatory five-year period of post-release control for his aggravated robbery conviction and a mandatory three-year period of post-release control for having weapons under disability. However, when the trial court issued its January 25, 2011, sentencing entry, the entry again imposed post-release control for life.

{¶ 4} Mr. Hilliard has appealed, raising a single assignment of error for review.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED BY IMPOSING THE INCORRECT TERM OF
POST-RELEASE CONTROL[.]"

{¶ 1} Mr. Hilliard argues that the trial court erred when it imposed a life term of post-release control not provided by statute. The State agrees that the trial court could not impose a life-term of post-release control. Mr. Hilliard also argues that the trial court improperly informed him that he faced a mandatory three-year period of post-release control for having weapons under disability, contending that the correct period is a discretionary three-year period.

{¶ 2} When a defendant is sentenced to a life sentence,

"[i]f [he] is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." R.C. 2967.28(F)(4)(c).

Thus, a defendant only serves one period of post-release control, and the trial court must properly journalize the applicable period of post-release control.

{¶ 3}　We agree that the trial court lacked statutory authority to impose a life-term of post-release control for aggravated murder.　Aggravated murder is a special felony, and, therefore, Mr. Hilliard is subject to parole, not post-release control on that conviction.　See, e.g., *State v. Gordon*, 9th Dist. No. 25730, 2010-Ohio-6308, at ¶7; see, also, R.C. 2967.28 (setting the post-release control periods for non-special felonies).　Furthermore, R.C. 2967.28 provides for mandatory post-release control terms of five years or three years, and a discretionary period of up to three years.　However, it does not provide for post-release control to last for a life term.

{¶ 4}　Mr. Hilliard's second argument is that the trial court incorrectly informed him that he was subject to a mandatory three-year period of post-release control for his conviction for having a weapon while under disability, a third-degree felony.　R.C. 2967.28(B)(3) establishes that, "[f]or a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person," the defendant is subject to a mandatory three-year period of post-release control.　Mr. Hilliard contends that, "because [having weapons under disability] is not a felony sex offense, and by definition it does not require commission or threat of physical harm to another person[,]" the correct period of post-release control is a discretionary period of up to three years.　R.C. 2967.28(C).

{¶ 5}　Mr. Hilliard is incorrect.　An offense need not have an *element* of physical harm, or attempted physical harm, to fall under R.C. 2967.28(B)(3).　"[R.C. 2967.28(B)(3)] merely requires that, during the commission of the offense, the offender caused or threatened to cause physical harm to a person." *State v. Bray*, 2nd Dist. No. 2010 CA 14, 2011-Ohio-4660, at ¶34.　Accordingly, if, during the commission of having weapons under disability, Mr. Hilliard caused or threatened to cause physical harm to another person, R.C. 2967.28(B)(3) applies and the proper post-release control period is a mandatory three years.

{¶ 6} Mr. Hilliard has not argued that he did not harm or threaten to harm a person during the commission of having weapons under disability, and "[i]t is not * * * [this Court's] duty to create an argument where none is made." *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011–Ohio–435, at ¶7, citing *Cardone v. Cardone* (May 6, 1998), 9th Dist. No. 18349, at *8; see, also, App.R. 12(A)(2) and App.R. 16(A)(7). Accordingly, given that Mr. Hilliard has not developed an argument, to the extent that he alleges that trial court erred when it informed him he was subject to a mandatory three-year period of post-release control, his assignment of error is overruled.

## III.

{¶ 7} Mr. Hilliard's assignment of error is sustained in part. The judgment of the Summit County Court of Common Pleas that improperly imposed post-release control is reversed and the matter is remanded for the correct imposition of post-release control consistent with R.C. 2929.191; the remainder of Mr. Hilliard's sentence remains intact. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, at ¶81; see, also, *State v. Taylor*, 9th Dist. No. 10CA009904, 2011-Ohio-1158, at ¶¶5-6; see, also, *State v. Capers*, 9th Dist. No. 10CA009801, 2011-Ohio-2443, at ¶¶11, 50 (reversing and remanding for proper imposition of post-release control pursuant to R.C. 2929.191 where defendant was sentenced after the effective date of Section 2929.191).

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT


CARR, J.
WHITMORE, J.
CONCUR

APPEARANCES:

TODD M. CONNELL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.